## First National Bank of Princeton, Defendant in Error, v. Joseph C. Ficklin, Plaintiff in Error.

### Gen. No. 19,079. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

### Statement of the Case.

Action by the First National Bank of Princeton against Joseph C. Ficklin on a promissory note. From a judgment in favor of plaintiff, defendant brings error.

BENJAMIN F. J. ODELL, for plaintiff in error.

MILLER, STARR, PACKARD & PECKHAM, for defendant in error; ROBERT C. WHEELER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CONTINUANCE, § 50*—*when affidavit that defendant's attorney was engaged, insufficient ground for.* Where defendant's attorney

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

of record was absent when the case was duly called for trial, *held* that an affidavit presented in support of a motion for a continuance on the ground that the attorney was engaged was wholly inadequate to warrant a continuance.

2. BILLS AND NOTES, § 373*—*when introduction of note makes prima facie case for plaintiff.* Where the execution of a note is not denied, the note when offered in evidence makes a *prima facie* case for plaintiff, including the fact of plaintiff's ownership, notwithstanding a stamped indorsement thereon to a third party which, under the statute, the owner was privileged to strike out.

3. BILLS AND NOTES, § 375*—*proof of consideration.* In a suit on a promissory note, proof of consideration is not essential to a *prima facie* case; want of consideration is an affirmative defense for defendant to establish.

4. COSTS, § 67*—*damages for prosecuting a writ of error for delay.* Ten per centum of the amount of the judgment allowed as statutory damages under R. S. ch. 33, § 23, J. & A. ¶ 2737, for suing out and prosecuting a writ of error for delay, it appearing that the contentions for reversal were obviously untenable and devoid of merit.